UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BILLY G. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:24 CV 1036 CDP |
| ) | |
| VALERIE HUHN, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

Petitioner William Billy G. Carter is civilly committed in the custody of the Missouri Department of Mental Health under Mo. Rev. Stat. § 552.040 as a result of a finding in 2002 that he was not guilty of certain sex offenses by reason of mental disease. He is also committed pursuant to a 2003 jury finding that he is a sexually violent predator under Missouri's Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480, *et seq.* *See State v. Carter*, 614 S.W.3d 74 (Mo. Ct. App. 2020). He brings this petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging constitutional error in his February 2024 proceeding wherein he sought conditional release. Because all of Carter's claims are procedurally defaulted, I will deny the petition.

### Relevant Background

The facts underlying Carter's offenses and litigation history are thoroughly

set out in this Court's Opinion, Memorandum, and Order filed in *Carter v. Huhn*, Case No. 4:24 CV 860 ACL (E.D. Mo. June 25, 2024) (ECF 6), and will not be repeated here. For purposes of this Memorandum and Order, I adopt and incorporate the Court's recitation of the relevant background from that Opinion.

As is relevant to the instant petition, Carter filed an application for conditional release in the Circuit Court of Adair County, Missouri, on March 22, 2022. (ECF 23-1.) On February 5, 2024, the court held a hearing on the State's motion to dismiss the application, wherein the State argued that Carter failed to comply with Missouri procedure set out in Mo. Rev. Stat. § 552.040.5 by failing to submit with his application a report of his mental condition, as required by the statute. Appointed counsel represented Carter at the hearing. (ECF 23-2.) On February 29, 2024, the court granted the State's motion to dismiss, finding that Carter failed to comply with the requirements of § 552.040. (ECF 23-3.) Carter appealed the decision, but the Missouri Court of Appeals dismissed the appeal on June 28, 2024, for Carter's failure to perfect the appeal. (ECF 23-6.)

Carter filed this federal habeas action on July 8, 2024, wherein he challenges the circuit court's February 2024 denial of his application for release. He does not challenge his initial commitment. In his petition, Carter raises four claims for relief:

> 1) That he was denied an evidentiary hearing on his application for conditional and unconditional release;

2) That the denial of an evidentiary hearing denied him his right to due process;

3) That he has a liberty interest in freedom from civil confinement; and

4) That he received ineffective assistance of appointed counsel for her failure to request that the court order a mental evaluation to be submitted with the application for release.

In response, respondent argues that all of Carter's claims are barred from federal habeas review because he procedurally defaulted the claims in state court.

**Legal Standard**

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). This requirement applies with equal force to habeas actions challenging custody pursuant to a civil commitment. *Beaulieu*, 861 F.2d at 575. A petitioner who fails to meet the State's procedural requirements for presenting his federal claims in state court has deprived that court of the opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

To satisfy the exhaustion requirement, persons committed for a dangerous felony and confined in the Missouri State Hospital must apply for release to the

committing court under Mo. Rev. Stat. § 552.040 and, if unsuccessful, must appeal the denial to the Missouri Court of Appeals. *Koloctronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). "This process must be completely followed once" before the committed person may seek federal habeas corpus. *Id.*

When a state court declines to address a petitioner's federal claims because he failed to meet a state procedural requirement, that state judgment rests on independent and adequate state procedural grounds. *Coleman*, 501 U.S. at 729. There is an "important interest in finality served by state procedural rules, and [there is] significant harm to the States that results from the failure of federal courts to respect them." *Id.* at 750. Consequently,

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id. See also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

## Discussion

For purposes of this discussion only, I assume that Carter raised his current claims on appeal of the circuit court's dismissal of his application for release.

Carter filed his notice of appeal on March 7, 2024. Pursuant to Missouri Supreme Court Rule 81.19(b), Carter was required to file the record on appeal

within 90 days of that filing, that is, not later than June 5, 2024. On June 7, the court of appeals provided notice to Carter that he failed to timely file the record on appeal and that the appeal would be dismissed unless he remedied his default on or before June 24, 2024. (ECF 23-5.) Carter did not cure his default, and the court of appeals dismissed his appeal on June 28, 2024, for failure to prosecute. (ECF 23-6.)

The Missouri Court of Appeals based its dismissal of Carter's appeal on an independent and adequate state procedural rule, thus resulting in a default of Carter's federal claims in state court. I am therefore barred from considering Carter's claims in this federal habeas action unless Carter can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that my failure to consider his claims will result in a fundamental miscarriage of justice.

As cause, Carter asserts that appointed counsel withdrew from the case and that the Missouri Court of Appeals failed to appoint counsel to represent him on appeal, which resulted in the record on appeal not being filed. Being deprived the assistance of counsel will constitute cause only if it is an independent constitutional violation. *Coleman*, 501 U.S. at 755. Under Missouri statute, providing counsel in a proceeding on a § 552.040 application for release is not a constitutional requirement but rather is within the discretion of the appropriate

court. *See* Mo. Rev. Stat. § 552.040.3; *see also United States v. Cabines*, 816 Fed. App'x 29, 30 n.2 (8th Cir. 2020) (framework for evaluating assistance of counsel on appeal not relevant when right to counsel based on statute and not the Constitution). Because there is no constitutional right to counsel in § 552.040 proceedings, Carter bears responsibility for all errors during those proceedings. *Shinn v. Ramirez*, 596 U.S. 366, 383 (2022). The Missouri Court of Appeals' failure to appoint counsel on Carter's § 552.040 appeal therefore cannot constitute cause for his procedural default.

Accordingly, Carter has failed to show cause to excuse his procedural default. With no showing of cause, I do not need to determine whether Carter can establish prejudice. *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007). Nor has Carter shown that a fundamental miscarriage of justice would result if I do not consider his defaulted claims. The claims are therefore procedurally barred from federal habeas review and will be denied.

### Motions for Counsel and for Hearing

The existing record before the Court is sufficient to resolve Carter's claims. I will therefore deny his various motions for appointment of counsel and for an evidentiary hearing on his claims. *Johnston v. Luebbers*, 288 F.3d 1048, 1060 (8th Cir. 2002); *Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994).

## Certificate of Appealability

Carter has failed to make a substantial showing that he was denied a federal constitutional right.  *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997) (for substantial showing, issues must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).  I will therefore not issue a Certificate of Appealability on any of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that William Billy G. Carter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is **DENIED**.  Carter's motions for appointment of counsel [8] [10] [27] [29], for an evidentiary hearing [12] [14], and all other pending motions are **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing that he has been denied a constitutional right.

A separate Judgment is filed herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2024.